YOST *v.* I. FLEISCHER & SONS, A PARTNERSHIP.

(Decided June 11, 1934.)

*Mr. Anthony B. Dunlap* and *Mr. Wm. Walker Johnson,* for plaintiff.

*Mr. Bert H. Long* and *Mr. Milton M. Bloom,* for defendant.

Ross, J. This matter was heard on appeal from the Court of Common Pleas of Hamilton county.

The action was brought by Elmer B. Yost, a former

employee of the defendant, I. Fleischer & Sons, a partnership, to enjoin defendant from interfering with Yost's proposed employment by a competitor of defendant. There is evidence that the defendant is, by its acts, jeopardizing the proposed relationship which plaintiff seeks to establish with a competitor of defendant.

The connection of the plaintiff with defendant was terminated July 19, 1932, by mutual agreement before the expiration of the term of the contract which plaintiff had with defendant, plaintiff having entered into a contract with the defendant's competitor June 21, 1933.

The contract between the plaintiff and defendant contained the following language:

"18. For a period of three (3) years after the termination of this agreement by Employer by reason of breach thereof on the part of Employee, Employee will not become interested, directly or indirectly, in a business similar or of a like nature to the business carried on by Employer, whether as individual, partner, stockholder, director or officer; and during such period Employee will not accept employment from, or become affiliated or connected with, either directly or indirectly, as an employee or travelling salesman, any business similar or of a like nature to the business carried on by Employer where the duties of such employment involve the soliciting of orders, whether in person or by mail, from those accounts or customers called on by Employee during his employment under this agreement, and/or those accounts or customers in Indiana and Illinois under any prior employment with Employer. In the event Employee fully performs all of the obligations of this agreement on his part to be performed, Employee agrees that for a period of eighteen (18) months after the expiration of this agreement he will not become interested, directly or indi-

rectly, in a business similar or of a like nature to the business carried on by Employer, whether as individual, partner, stockholder, director or officer; and during such period Employee will not accept employment from, or become affiliated or connected with, either directly or indirectly, as an employee or traveling salesman, any business similar or of a like nature to the business carried on by Employer where the duties of such employment involve the soliciting of orders, whether in person or by mail, from those accounts or customers called on by Employee during his employment under this agreement and/or from those accounts or customers in Indiana and Illinois under any prior employment with Employer. Employee agrees that any violation on his part of any covenant in this 18th paragraph contained will cause damage to Employer, the exact amount of which will be impossible to ascertain, and for that reason further agrees that Employer shall be entitled as a matter of course to an injunction out of any court of competent jurisdiction restraining any further violation of the said covenants by Employee, his employers, partners, agents, servants, employees and all persons acting for him, such right to an injunction, however, to be cumulative and in addition to whatever other remedies Employer may have.''

This contract was dated December 7, 1931, and covered a period of four years. It was not terminated by reason of a breach thereof—nor was it terminated by the expiration of the period mentioned therein.

The conclusion of the relationship between plaintiff and defendant was contained in two telegrams—the first from the plaintiff, as follows:

''In view of your letter of June 23 and present business conditions may I have your approval on my acceptance of a position offered me out here in the dry cleaning business. Wire answer.''

The second, from the defendant, is in the following terms:

"Replying your telegram eighteenth we approve your acceptance of dry cleaning business position return all records and samples immediately stop Make arrangements for settlement of your indebtedness either by cash or note stop Statement as of July first showed indebtedness of about eleven hundred dollars stop Are today making arrangements for other salesmen to cover your territory."

We find nothing in the contract prohibiting the plaintiff attaching himself to a competitor under the circumstances developed. There was no reservation in the terms of the contract applying to mutual abandonment of the contract between plaintiff and defendant and providing for restriction upon his employment.

*Injunction allowed.*

HAMILTON, P. J., concurs.